By the Court.—Loew, J.
To entitle the plaintiff to recover in this action it was necessary that it should appear not only that he sustained damage by reason of the negligent act of the defendants, but also that neither his own fault or neglect nor that of any one in his employ, contributed in any degree to the injury complained of.
The negligence on the part of the defendants was certainly clearly proven, but that alone was not sufficient to establish a cause of action in favor of the pláintiff. Some proof of the absence of contributory negligence on the part of the latter was also requisite, and although the fact that the plaintiff was free from fault may frequently be inferred from the facts and circumstances of the case, still, where that cannot be done, it must be proved by direct evidence (Warner v. N. Y. Central R. R. Co., 44 N. Y., 465; Deyo v. Same, 34 Id., 9; Johnson v. Hudson River R. R., 20 Id., 65). In other words, it must appear in some way, that the injury was caused solely by the fault or neglect of the *76 defendant (Johnson v. Hudson River R. R., supra; Grippen v. N. Y. Central R. R., 40 N. Y., 34).
But so far from that being the case here, I think the evidence on the part of the plaintiff clearly showed that the negligence of one of his own employees concurred in producing it.
This person was examined as a witness on the trial, and according to his. testimony byposulphate of soda is white or gray, while sulphate of iron is of a green color.
He could, therefore, very readily have distinguished one from the other, if be had paid the least attention, and he in fact admitted on his cross examination that he could have seen that it was. iron and not soda if he had looked at it before he threw it into the solution.
How in the discharge of the duties of his calling he was bound to use ordinary care and caution, in the exercise of which he should have used his senses, and as he according to his own admission failed to use his eyes, when if he had done so the accident might have been avoided, he must in law be guilty of negligence, which co-operated with that of the defendants in producing the injury.
True, the question of negligence as a general rule is one of fact for the jury to determine, under proper instructions from the court, and where the evidence is conflicting, or where it is doubtful whether or not, under the circumstances, the facts as proved constitute negligence, the question, I think, should never be taken from them.
But where—as in this case—there is no conflict in the evidence, and the plaintiff or his employee, by reason of some act or omission is obviously and clearly chargeable with contributory negligence, the court should so hold as matter of law, and dismiss the complaint (Wilcox v. R. W. & O. R. R. Co., 39 N. Y., 358; Gonzales v. N. Y. & H. R. R. Co., 38 Id., 440; *77 Wilds’ Case, 24 Id., 430, and 29 Id., 315; Dascomb v. Buffalo, &c. R. R., 27 Barb., 221).
In my opinion the justice erred in not granting a nonsuit on the ground of contributory negligence on the part of the plaintiff, as requested by defendants’ counsel after the evidence on both sides had closed, and the judgment should for that reason be reversed.
Daly, Ch. J., and Robinson, J., concurred.
Judgment reversed.